```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION


CHARLES E. FOSTER,               :

      Plaintiff,                 :

vs.                              :
                                     CIVIL ACTION 08-0367-KD-M
MICHAEL J. ASTRUE,               :
Commissioner of
Social Security,                 :

      Defendant.                 :
```

REPORT AND RECOMMENDATION

In this action under 42 U.S.C. §§ 405 and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*).  The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Oral argument was heard on January 26, 2009.  Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is recommended that the decision of the Commissioner be affirmed, that this action be dismissed, and that judgment be entered in favor of Defendant Michael J. Astrue and against Plaintiff Charles E. Foster.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Ser- vices, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence.  *Richard-*

*son v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the last administrative hearing, Plaintiff was thirty-two years old, had completed a twelfth-grade education (Tr. 332),[1] and had previous work experience as a security guard (Tr. 319).  In claiming benefits, Plaintiff alleges disability due to severe mental impairments (Doc. 13, p. 5).

The Plaintiff filed applications for disability benefits and SSI on June 20, 2005 (Tr. 116-18; *see* Doc. 13, p. 1; *see also* Doc. 14, p. 1).  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) (Tr. 82-98); the Appeals Council, however, remanded the action back to the ALJ for a supplemental hearing to take testimony from a Vocational Expert (hereinafter *VE*) (Tr. 109-11).  Following a supplemental hearing, the ALJ again determined that although Foster could not perform his past relevant work, he was capable of performing specified jobs existing in the national economy (Tr. 22-40).  Plaintiff requested review of the hearing decision (Tr. 19-21) by the

---

[1] Plaintiff has stated that he was in regular classes (Tr. 332) and in special education classes (Tr. 319).

Appeals Council, but it was denied (Tr. 5-7).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Foster alleges that the ALJ committed reversible error in assigning controlling weight to the testimony of the VE (Doc. 13).  Defendant has responded to—and denies—this claim (Doc. 14).

Plaintiff's claim, briefly, is that the ALJ accepted the testimony of the VE who testified at the hearing (Anderson) rather than the statements of a VE obtained by Foster after the hearing (Miller).  In challenging the ALJ's choice of Anderson's testimony over Miller's, Foster has raised five different arguments.

The Court notes that, at the supplemental hearing, the ALJ proposed a comprehensive, hypothetical question to which Anderson testified that Plaintiff could perform his past relevant work as a security guard; the ALJ also stated that Foster could work as a kitchen helper or dishwasher, parking lot attendant, and assembler (Tr. 334-38).  Anderson cited DOT[2] regulations coinciding with the jobs in giving this testimony.

Following the hearing, Plaintiff filed a Request that the ALJ assign no evidentiary weight to VE Anderson's testimony (Tr. 169-76).  As part of that Request, Foster included an opinion by VE Miller which indicated that he had considered certain

---

[2]*Dictionary of Occupational Titles*.

3

specified evidence of record and determined that Plaintiff was incapable of competitive gainful employment.

In his decision, the ALJ summarized the opinions of the two VE's but chose to give more weight to Anderson as he "had the opportunity to review the claimant's entire record prior to the hearing, as well as the benefit of hearing testimony" (Tr. 40). The ALJ also noted that it was unclear from Miller's letter whether he had viewed the entire record in formulating his opinions (*id.*).

The first argument that Plaintiff makes is that the ALJ did not reject Miller's qualifications or expertise (Doc. 13, p. 7). While this assertion is true, it is equally true that Anderson's qualifications have gone unchallenged. Just because Miller is qualified to render an opinion does not mean that the ALJ has to accept it.

Plaintiff next asserts that the ALJ's rejection of Miller's opinion, because he did not have a copy of the whole record, is unfounded as the two VE's ultimately "based their respective opinions on the same evidence, arriving at opposite conclusions" (Doc. 13, p. 8).  This Court's "review is limited to a determination of whether the ALJ applied the correct legal standard, and whether the findings of fact are supported by substantial evidence in the record." *Powers v. Heckler*, 738 F.2d 1151, 1152 (11th Cir. 1984) (citing *Richardson v. Perales*, 402

U.S. 389 (1971) and *Western v. Harris*, 633 F.2d 1204 (5th Cir. Unit A 1981)).  In this action, Foster has not demonstrated how the ALJ's conclusions are not supported by substantial evidence.  The Court will not scour the record to provide Plaintiff the support he seeks for his arguments.

Plaintiff's third argument is that VE Miller considered more of the record than VE Anderson relied on (Doc. 13, p. 8).  This is of no moment as Foster has, again, failed to show the Court that the ALJ's conclusions are not supported by substantial evidence.

Foster's fourth argument is that the ALJ failed to rule on his objection to the VE's testimony (Doc. 13, p. 8).  The Court notes that although the ALJ did not specifically enter a "ruling" to the "objection," the ALJ summarized VE Miller's opinion, rejected it, and explained why he rejected it.  This is an implicit ruling on Plaintiff's objection.  Foster's argument otherwise is without merit.

Plaintiff's final argument is that the ALJ "failed to discuss his own rejection of the [VE's] opinion, since the [VE] testified claimant could perform past relevant work and the [ALJ] found he could not" (Doc. 13, pp. 8-9).  The Court notes that, in the question to the VE, the ALJ said nothing about the skill level of the hypothetical individual (*see* Tr. 334-36).  Anderson responded that, in addition to the other jobs Foster could

perform, he could do his past work which was classified as unskilled to semi-skilled (Tr. 336).  In his opinion, the ALJ determined that Plaintiff was capable of only unskilled work (Tr. 37); with this determination, the ALJ eliminated Foster's past job as a security guard from the list of jobs which he could perform (Tr. 40).

The Court notes that, in bringing this claim, Plaintiff has not challenged the posed hypothetical question, the evidence on which the hypothetical was based, VE Anderson's qualifications, or Anderson's reliance on the DOT in reaching his decision. Furthermore, Foster has failed to point to any evidence of record which would lead this Court to find that the ALJ's decision is not supported by substantial evidence.[3]

Essentially, Plaintiff has offered up the testimony of VE

---

[3] The Court has reviewed the evidence of record and notes that Foster does point to some evidence, but that those records do not support a finding of disability.  For example, Clinical Neuro-psychologist Melissa Ogden stated that Foster "could perform well in a job that involves completion of simple and rote tasks" (Tr. 224; *see generally* Tr. 221-224).  Psychologist Kim Zweifler found Plaintiff to have low average range of intelligence; though she found him to have limitations, she did not indicate that he could not work (Tr. 301-07).
    Other evidence in the record shows the following:  Neurologist John Yager found Plaintiff "capable of work-related activities" (Tr. 309; *see generally* Tr. 308-012).  Even the conclusion in the evaluation completed by the Alabama Department of Rehabilitation Services, on which VE Miller largely based his opinion, stated that "although he has faced past difficulties, [Foster] still possesses the potential to succeed in a number of employment settings. . . . It is expected that with appropriate accommodations and with a comprehensive plan of services coordinated with his [Vocational Rehabilitation] counselor, Charles will be capable of training for, seeking and maintaining competitive employment in a variety of jobs" (Tr. 207; *see generally* Tr. 201-07).

Miller to rebut the assumptions made by Anderson; at best, Foster has produced evidence which "equals" the evidence on which the ALJ has relied.  This does not amount to a finding that the ALJ's decision is not supported by substantial evidence.

Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is recommended that the Secretary's decision be affirmed, see *Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), that this action be dismissed, and that judgment be entered in favor of Defendant Michael J. Astrue and against Plaintiff Charles E. Foster.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time

is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 29th day of January, 2009.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE